AMERICAN PIN CO. v. BERG BROS.

(Circuit Court, S. D. New York. May 31, 1911.)

TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNLAWFUL COMPETITION—PRELIMINARY INJUNCTION—DECEIT.

Where complainant sold hooks and eyes on a card, the style of which was adopted in 1902, since which time complainant had enjoyed a large trade in different parts of the United States, it was entitled to a preliminary injunction restraining defendant's sale of similar hooks and eyes, though under another name, on cards so closely resembling complainant's that purchasers would be liable to be deceived, without proof of specific instances in which an individual purchaser had been deceived.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by the American Pin Company against Berg Bros. Application for preliminary injunction to restrain unfair competition in trade. Granted.

Wetmore & Jenner, for complainant.
Katz & Sommerich, for defendant.

LACOMBE, Circuit Judge. The acts complained of are sales by defendant of hooks and eyes fastened on cards, which are imitations of the complainant's card, called the "Dorcas." It is alleged that defendant's cards, called the "Comet," so closely resemble complainant's that purchasers are liable to be deceived, and to mistake the one for the other. Samples of the cards are in evidence, and are far more illuminative of the issue than any written description could possibly be.

Complainant's affidavits sufficiently show that its style of card was gotten up in 1902, and that since then they have been sold in very large numbers in many different parts of the United States. These averments are not controverted by the affidavits of defendant's witnesses to the effect that there are many department stores in which they are not to be found on sale. It is contended that complainant is not entitled to a preliminary injunction, because no proof is given of specific instances in which some individual purchaser has been deceived. Such proof is not necessary, where the imitation is so close that it is apparent that confusion must result. That is the situation here. No closer simulation of the form, coloring, lettering, and general features of the package has been found in any case which has come before this court in very many years.

Preliminary injunction may issue as prayed.